UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY BARONE, JR.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA et al.,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-00354-APG-EJY<br><br>**ORDER<br>and<br>REPORT AND RECOMMENDATION** |

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* and Complaint. ECF Nos. 1 and 1-1.

I. ***IN FORMA PAUPERIS* APPLICATION**

On February 24, 2022, Plaintiff, a non-inmate individual, filed a complete application to proceed *in forma pauperis*, which the Court grants below.

II. **SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id*.).

Plaintiff brings a claim against Defendants State of Nevada, Aaron Ford—the Attorney General for the State of Nevada, Merrick Garland—the Attorney General of the United States, and

additional unidentified defendants. ECF No. 1-1 at 1 and 2. Plaintiff claims violations of his Second, Ninth, and Fourteenth Amendment rights. Defendants allegedly prohibited "Plaintiff from his inalienable right to keep and bare arms" and right to "own, possess, and bare arms (firearm) under threat of prosecution and imprisonment." ECF No. 1-1 at 3. Plaintiff requests "the lifting, removal, and protection of law from the Prohibition" preventing him from owning a firearm. *Id.* at 4.

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with an explanation of the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Moreover, Fed. R. Civ. P. 8 requires each Defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citation and quotation marks omitted).

Plaintiff's Complaint fails to state a claim. Plaintiff's single allegation that Defendants prevented him from exercising his right to bare arms, presumably by means of threatening criminal prosecution, does not provide any facts that tie any Defendant to Plaintiff's conclusion that his rights were violated. Plaintiff fails to explain what happened and how, if at all, the named Attorneys General or other unknown defendants interfered with the exercise of any right he sought to exercise. In the absence of sufficient factual allegations regarding the alleged violation of Plaintiff's constitutional rights, there is no way to determine whether Plaintiff's Complaint states a claim against any defendant.

Moreover, Plaintiff's claim against the State of Nevada fails. Regardless of the precise origin of the doctrine, the simple fact is that a "State [is not] subject to suit in federal court unless it has consented to suit." *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 779 (1991); *Hans v. Louisiana,* 134 U.S. 1, 16–18 (1890). Here, the State of Nevada has not consented to suits

such as the one currently before this Court. NRS 41.031(3) (2009) ("The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States."). Therefore, the Court recommends dismissal of the State of Nevada with prejudice.

### III.   ORDER

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

### IV.   RECOMMENDATION

IT IS HEREBY RECOMMENDED that the State of Nevada be dismissed with prejudice as it is immune from suit.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) asserting claims against Merrick Garland, Aaron Ford and other unidentified Defendants be dismissed without prejudice with leave to amend.

IT IS FURTHER RECOMMENDED that if Plaintiff so chooses, he be allowed to file an amended complaint correcting the deficiencies no later than **April 4, 2022**. The amended complaint must include a short and plain statement describing all **facts** underlying the conduct that constitutes the violations of law Plaintiff alleges. Fed. R. Civ. P. 8(a)(2). Plaintiff must provide each defendant with fair notice of what he claims, how that defendant is responsible for the wrong alleged, and the basis for Plaintiff's entitlement to relief.

The Court advises if Plaintiff files an amended complaint that complaint must include all of the facts and all claims for relief Plaintiff seeks to assert in a form that complies with the instructions given above. Upon filing an amended complaint, Plaintiff's original complaint no longer plays any role in this case.

IT IS FURTHER RECOMMENDED ORDERED that if Plaintiff fails to file an amended complaint on or before **April 4, 2022**, this case will be subject to dismissal <u>without prejudice</u>. A dismissal without prejudice means Plaintiff does not give up the right to refile the case with the Court, under a new case number, when Plaintiff is able to file a complaint that states a claim upon which relief may be granted.

DATED THIS 4th day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).